

**FILED**
**Dec 17, 2024**
**03:06 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **BENJAMIN HOWARD**<br>**Employee,** | ) **Docket No. 2022-03-0560**<br>) |
| **v.** | ) **State File No. 15854-2019** |
| **CENTURION,** | ) |
| **Employer.** | ) **Judge Pamela B. Johnson** |

---

## COMPENSATION ORDER

---

Benjamin Howard fell and struck his head on February 1, 2022. Centurion denied his claim. Based on a preponderance of the evidence, the Court holds that Dr. Howard did not prove that he suffered an injury arising primarily out of and in the course and scope of his employment and dismisses his case with prejudice.

### History of Claim

Dr. Howard worked as a dentist for Centurion for ten years. As part of his job, he provided dental services to inmates at Tennessee state prisons. He testified that while walking into work from the parking lot on February 1, 2022, he fell and hit his head. He sought treatment at the emergency room and underwent two surgeries for bilateral intracranial subdural hematomas. After the surgeries, he attended occupational rehabilitation, where he relearned to walk, talk, and perform other activities of daily living. He missed work from February 1 through May 15, 2022.

On cross-examination, Dr. Howard admitted that he had taken blood pressure medication for 20 years. He agreed that he was prescribed a new medication, which was filled on January 25, 2022. Although he said he took blood pressure medication on the morning of the incident, he was uncertain whether it was his old medication or the new prescription.

Centurion served Dr. Howard with requests for admissions. When Dr. Howard did not respond within 30 days, Centurion moved to deem the requests admitted. Dr. Howard then responded to three of the requests. The Court accepted Dr. Howard's three late

1

responses but deemed the remaining requests admitted.

The admissions established that:
- Dr. Howard started a new blood pressure medication and filled it on January 25.
- The new blood pressure medication had a side effect of lightheadedness, as the leaflet with the medication warned.
- Dr. Howard testified at his deposition that he did not start the new blood pressure mediation until after his surgery.
- No medical doctor has opined that Dr. Howard's injury was caused by his employment.

## Findings of Fact and Conclusions of Law

Centurion moved to dismiss Dr. Howard's case under Tennessee Rules of Civil Procedure 41.02 (1) and (2) (2024), based on Dr. Howard's failure to disclose any expert witness by the disclosure deadline in the Scheduling Order and the facts deemed admitted by court order in its Requests for Admission.

Dr. Howard opposed the motion, denying any symptoms related to his medications or blood pressure or that he told anyone he was lightheaded or sped up to sit down. He stated no medical doctor was present at the time of his fall to give an opinion as to its cause.

The Court held the motion in abeyance for determination at the Compensation Hearing, and Centurion appealed. The Appeals Board vacated the order and instructed the Court to consider both sections (1) and (2) of Rule 41.02. *Howard v. Centurion,* 2024 TN Wrk. Comp. App. Bd. LEXIS 39, at *7 (Nov. 7, 2024).

At the hearing, Centurion asserted that Dr. Howard did not disclose any expert by the expert disclosure deadline, did not introduce an expert opinion proving that his injury arose primarily from his employment, and testified inconsistently as to the medications he did not or did not take on the date of the incident.

Dr. Howard contended that he was at work when he fell, he suffered a brain injury, and he missed four months of work. He argued that he should be able to recover benefits for his work injuries and missed work.

The Court took the motion under advisement and for the reasons below, the motion to dismiss is granted.

Tennessee Rules of Civil Procedure 41.02 provides that a party may move for dismissal of an action for (1) failure of the plaintiff to prosecute or to comply with the rules of civil procedure or any court order, or (2) failure to show any right to relief based upon

2

the fact and law. The trial court may grant the motion only if it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. *Burchfield v. Renfree,* 2013 Tenn. App. LEXIS 685, at \*86-87 (Tenn. Ct. App. 2013).

Here, considering 41.02(1), Dr. Howard did not disclose any expert witness by the expert disclosure deadline as required by the Scheduling Order. With respect to 41.02(2), Dr. Howard offered no expert medical opinion at the hearing to support his request for benefits.

To prevail at the Compensation Hearing, Dr. Howard must show by a preponderance of the evidence that his injuries arose primarily out of and in the course and scope of his employment. He must show to a reasonable degree of medical certainty that a work incident contributed more than 50% in causing his need for medical treatment, meaning that in the physician's opinion, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(12)(A)-(D) (2024).

Dr. Howard argued that no physician saw his fall at work. The Court agrees. But a physician does not need to see the fall. Rather, a physician is qualified to offer an expert opinion on what caused the fall and Dr. Howard's resulting injuries based on the history provided by Dr. Howard, a physical examination, and review of diagnostic testing. However, Dr. Howard offered no expert opinion.

Although the Court is aware of Dr. Howard's sincerely-held belief that his current conditions and need for treatment arose primarily out of his work injury, his lay opinion alone is legally insufficient to prove the essential element of medical causation. Parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. App. Bd. LEXIS 8, at \*16 (Feb. 14, 2018).

Thus, the Court dismisses Dr. Howard's case with prejudice.

**IT IS, THEREFORE, ORDERED as follows:**

1. Dr. Howard's request for benefits is denied, and his case is dismissed with prejudice.

2. Centurion shall pay the $150.00 filing fee within five business days of this order becoming final, and for which execution might issue if necessary.

3. Centurion shall prepare and submit a Statistical Data Form (SD2) within 10 business days of this order becoming final.

4. Unless appealed, this order shall become final 30 days after issuance.

3

**ENTERED December 17, 2024.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## APPENDIX

The Technical Record consists of every document filed and uploaded to TNComp. Neither party filed a Prehearing Statement as required by Tennessee Compilation Rules and Regulations 0800-02-21-.22(5), so no exhibits were marked as evidence.

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on December 17, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Benjamin Howard, Self-Represented Employee | X | X | 456 Chapel Grove Lane Knoxville, TN 37934 howardben97@yahoo.com |
| Jennifer Thomas, Brayden Hunter Employer's Attorneys | | X | jdthomas@mijs.com brhunter@mijs.com |

_Penny Shrum_
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____   Phone: _____

Email: _____

Attorney's Name: _____   BPR#: _____

Attorney's Email: _____   Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries        $ _____ per month       Telephone       $ _____ per month

    Electricity      $ _____ per month       School Supplies $ _____ per month

    Water            $ _____ per month       Clothing        $ _____ per month

    Gas              $ _____ per month       Child Care      $ _____ per month

    Transportation   $ _____ per month       Child Support   $ _____ per month

    Car              $_____ per month

    Other            $ _____ per month (describe: _____ )

10. Assets:

    Automobile            $ _____        (FMV) _____

    Checking/Savings Acct. $ _____

    House                 $ _____        (FMV) _____

    Other                 $ _____        Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082